IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

YOLANDA R. JOHNSON,

    Plaintiff,

Case No.: 19-cv-

-vs-

HON:

FORD MOTOR COMPANY,
a Foreign Profit Corporation,

    Defendant.

_____

LAW OFFICE OF CARYL D. WILLIAMS, PLLC
CARYL D. WOOTEN (P69509)
Attorney for Plaintiff
24001 Southfield Rd., Suite 210
Southfield, MI 48075
Telephone:   (248) 462-9913
Cdw08esq@aol.com

_____

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

NOW COMES Plaintiff, YOLANDA R. JOHNSON (herein after "Plaintiff", by and through her attorney, Caryl D. Wooten, for her Complaint and Jury Demand against Defendant, FORD MOTOR COMPANY (herein after "Defendant"), and states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This is a Disability discrimination case.  Plaintiff resides and works within this judicial district and during all relevant times, was classified as an employee with a disability and work restrictions, which were made known to  Defendant, Ford Motor

Company dating back to 2005.

2. This case is about Ford Motor Company's intentional disability discrimination, which arises from its willful violations of the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, etseq., for denied assignments and denied reasonable accommodations due to Plaintiff's disability.

3. Plaintiff brings action seeking damages, back pay, front pay (if necessary) compensatory and punitive damages, reasonable attorney fees and costs and any other relief that the Court deems just, reasonable and equitable in the circumstances.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked and venue is proper in this district, pursuant to 28 U.S. C. §§1331 and 1391, as Plaintiff's claims are based on the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, etseq. ("ADA").

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action. On October 24, 2018, a Notice of Right to Sue was issued by the Equal Employment Opportunity Comission and this action has been filed within ninety (90) days of receipt of said notice.

## PARTIES

6. Plaintiff, Yolanda R. Johnson, of Oakland County, Michigan.

7. Defendant is a foreign profit corporation, incorporated in the State of Delaware, maintaining locations of business throughout Michigan.

8. At all times relevant hereto, the Defendant was acting through its agents and

employees, who were acting within the scope of their authority, course of their employment and under the direct control of Defendant.

9. At all times material herein, the Defendant is and has been an "employer" as defined under the ADA and is accordingly subject to the provisions of each said Act.

## GENERAL ALLEGATIONS

10. Plaintiff began working for Defendant in October 1992.

11. Plaintiff has been classified as disabled and has been on work restrictions since 2005.

12. On or about January 17, 2017, Plaintiff applied for an assignment as the MP & L MRC Clerk Gold Dock Position.

13. At the time that Plaintiff applied for the position her work restrictions were on file with Defendant.

14. On or about February 8, 2017, John Lyndsey, Bargaining Representative for UAW contacted Plaintiff and informed her that she was being placed in the MRC Position.

15. On February 10, 2017, HR Manager, Melanie Stinson sent Plaintiff the following text message:

> I have been informed you have restrictions. The MRC Clerk position states heavy lifting. When I got clarification, it was stated you needed to be able to lift up to 35 lbs and your restriction is currently 5 lbs, so we will not be able to place you in that job.

16. After Plaintiff was notified that she was not being placed in the MRC position, Plaintiff spoke with John Lyndsey, Burkie Morris, Chairman of Dearborn Truck Plant and Gary Walkowitz, Vice Chairperson of the Dearborn Truck Plant as well as Bargaining Representative for UAW.

17. Plaintiff and the UAW Union Representatives were not able to resolve the issue with the lifting limitations with the Defendant and it was agreed that a Union Grievance would be filed.

18. On April 12, 2017, Plaintiff with assistance of Bargaining Unit Representative Gary Walkowitz, filed a Union Grievance, where the Union demanded that Plaintiff be immediately classified and placed on the B Crew MRC Gold Dock Job and that she be paid for all lost overtime.

19. Plaintiff was informed by the Union Representatives that the Defendant would not move on the issue, no paper was provided to Plaintiff for the reason for their denial.

20. On August 15, 2017, A Crew MRC/Clerk, Cathy Abney, provided the following statement:

> My name is Cathy Abney, I've been on the A crew MRC/Clerk since 2012. In 2015 the MP&L Department assigned a team leader to small lot. The running of hot parts and lifting was given to the team leader. I don't lift anything. I don't have a cart to carry anything out. My job is purely clerical. I'm not even assigned a cart. I couldn't carry anything out if they called out for a part. We also have 2 back up team leaders for small lot in case the team leader is absent. Attached you will find my roles and responsibilities. This is what I was given in 2012 and nothing has changed except that a team leader was assigned to small lot.

21. If Plaintiff had been placed in the MRC position, she would have the same Job responsibilities as Cathy Abney, and no lifting would be required as that responsibility was transferred to the Team Leader and two backup team leaders if

necessary.

22. Defendant made the change in 2015 and was well aware of the responsibility change when Plaintiff applied for the position in January 2017, when they recanted the job offer in February 2017 and when they failed to approve the Union's demand in April 2017.

23. On September 26, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

24. The charge specially addressed the M P & L MRC Clerk Gold Dock position on B Crew and the denial of the assignment due to her disability, in violation of the Americans with Disabilities Act of 1990, as amended.

25. After a thorough investigation the EEOC determined that there was reasonable cause to believe that a violation had occurred.

26. The EEOC invited the parties to enter into and follow the terms of a Conciliation Agreement, which listed the following conditions:  (1) To place Plaintiff in a position that would accommodate her restrictions; (2) To pay Plaintiff back pay for lost wages as well as pay her an hourly rate of pay at 40 hours per week until Defendant placed her in a position that would accommodate her restrictions.

27.  Defendant failed to agree to the terms stated in the Conciliation Agreement.

28. Defendant countered the offer in the agreement with a $1,000 pay out and the offer to allow Plaintiff to continue to seek employment within the company that meets her restrictions.

29. Not only did Defendant low ball Plaintiff, they continued to deny her assignments and the EEOC issued Plaintiff a Right to Sue Letter, dated October 24, 2018.

30. UAW Representatives also encouraged Plaintiff to continue to apply for positions, which she did and she was continuously denied placement, despite having merit and the ability to accurately perform the responsibilities of the positions.

31. On November 6, 2017, Plaintiff applied for the Quality Operating Systems Coordinator position, which placement into the assignment was routinely seniority based.

32. There was one employee who had higher seniority than the Plaintiff and he was offered the position but did not accept the offer.

33. Even though Plaintiff had the merit and ability to perform the job responsibilities she was denied the assignment and it was offered and accepted by an employee who had less seniority.

34. On February 22, 2018, Plaintiff with assistance of Bargaining Unit Representative Gary Walkowitz, filed a Union Grievance, where the Union demanded that Plaintiff be immediately given the Quality Operating Systems Coordinator position and that she be paid all lost wages.

35. Plaintiff applied for the following positions and was denied placement:

    a. Diversity / Safety Trainer                       September 27, 2017

    b. Rough Road                                       November 6, 2017

    c. M P & L MRC Clerk                           December 4, 2018

    d. M P & L Associate A Shipping/Receiving Clerk    December 4, 2018

    e. M P & L Cycle Checker                      December 14, 2018

    f. Production Floor Technician / FCPA Auditor      January 9, 2018

## COUNT 1

## VIOLATION OF AMERICANS WITH DISABILITIES ACT
(Denial of Assignments and Denial of Reasonable Accommodations)

36. Plaintiff, Yolanda R. Johnson incorporates by reference paragraphs 1 through 35 of her Complaint as though fully set forth herein.

37. The actions of the Defendant, through its agents and employees, in discriminating against Plaintiff, Yolanda R. Johnson on the basis of her actual and/or perceived disabilities and/or record of impairment, and failing to provide reasonable accommodation for her disability, constituted violations of the ADA.

38. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff, Yolanda R. Johnson sustained permanent and irreparable harm, resulting in her being unable to obtain a full salary from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

39. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff, Yolanda R. Johnson suffered embarrassment and humiliation.

## PRAYER FOR RELIEF

40. Plaintiff, Yolanda R. Johnson incorporates by reference paragraphs 1 through 39 of her Complaint as though fully set forth at length herein.

**WHEREFORE,** Plaintiff, Yolanda R. Johnson requests that this Court enter judgment in her favor and against the Defendant and order that:

    a.   Defendant compensates Plaintiff, Yolanda R. Johnson with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

    b.   Defendant pay to Plaintiff, Yolanda R. Johnson punitive damages, compensatory damages, inconvenience, anguish (embarrassment and humiliation), loss of enjoyment of life and other nonpecuniary losses as allowable;

    c.   Defendant to pay Plaintiff, Yolanda R. Johnson's, pre and post judgment interest, costs of suit and reasonable attorney fees as allowed by law; and

    d.   The Court award such other relief as deemed just and proper.

Respectfully submitted,

By: */s/ Caryl D. Wooten*
Caryl D. Wooten (P69509)
Law Office of Caryl D. Williams, PLLC
Attorneys for Plaintiff
24001 Southfield Rd., Suite 210
Southfield, MI 48075
(248)462-9913 (phone)
(248)200-3235 (fax)
cdw08esq@aol.com

January 21, 2019

**<u>DEMAND FOR JURY TRIAL</u>**

NOW COMES Plaintiff, YOLANDA R. JOHNSON, by and through her attorney, Caryl D. Wooten, and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

By: */s/ Caryl D. Wooten*
Caryl D. Wooten (P69509)
Law Office of Caryl D. Williams, PLLC
Attorneys for Plaintiff
24001 Southfield Rd., Suite 210
Southfield, MI 48075
(248)462-9913 (phone)
(248)200-3235 (fax)
cdw08esq@aol.com